IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PATRICK L. SHERMAN                                                                    PETITIONER
ADC #96304

V.                              NO. 5:13cv00213 SWW-JTR

RAY HOBBS, Director,                                                                  RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Patrick L. Sherman, an Arkansas Department of Correction inmate, has filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging his 1995

state-court convictions for first-degree battery, fleeing and first-degree assault. *Doc. #2*. Respondent has filed a Motion to Dismiss the Petition as an unauthorized second or successive application under 28 U.S.C. § 2244(b)(3)(A). *Doc. #5*. In reply, Petitioner filed a Motion to Declare § 2244(b)(3)(A) Unconstitutional. *Doc. #6*.

In January 1997, Petitioner filed a § 2254 habeas action, in the Eastern District of Arkansas, challenging his 1995 convictions. (Resp't Ex. 1.) On October 30, 1997, United States Magistrate Judge John F. Forster, Jr. entered an Order dismissing the § 2254 action, with prejudice. *Sherman v. Norris*, No. 5:97cv39 (E.D. Ark. Oct. 30, 1997) (Resp't Ex. 2, 3). Petitioner appealed, and the Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. (Resp't Ex. 4.)

In 2001 and in 2007, Petitioner again filed § 2254 habeas actions collaterally attacking his 1995 convictions, both of which were dismissed as successive applications filed without receiving authorization from the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3)(A). *Sherman v. Norris*, W.D. Ark. No. 01-6127 (W.D. Ark. Aug. 27, 2001); *Sherman v. Norris*, No. 5:07cv00036-SWW (E.D. Ark. April 4, 2007) (Resp't Ex. 5-7, 9-13).

In 2002, and again in 2007, Petitioner filed petitions with the Eighth Circuit Court of Appeals, seeking authorization to file a successive habeas application. On both occasions, the Eighth Circuit denied authorization. *Sherman v. State of*

*Arkansas*, No. 02-3790 (8th Cir. Jan. 28, 2003); *Sherman v. State of Arkansas*, No. 07-2003 (8th Cir. Aug. 29, 2007) (Resp't Ex. 8, 14, 15.)

On July 8, 2013, Petitioner initiated the current § 2254 habeas action. For the reasons set forth below, the Court recommends that this action be dismissed, without prejudice, because Petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a successive habeas petition.

## II. Discussion

This action constitutes yet another successive § 2254 habeas action filed by Petitioner challenging his 1995 convictions. Only the Eighth Circuit Court of Appeals has the authority to grant Petitioner permission to file such a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Petitioner obtains the required order of authorization from the Eighth Circuit, this Court lacks jurisdiction to consider the issues raised in this habeas action. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Respondent's Motion to Dismiss, *Doc. #5*, be GRANTED;

2.     This 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. #2*, be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition;

3.     Petitioner's Motion to Declare § 2244(b)(3)(A) Unconstitutional, *Doc. #6*, be DENIED, WITHOUT PREJUDICE;[1] and

4.     A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this __13th__ day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner may present, to the Eighth Circuit, his arguments regarding the statute's constitutionality.